16-1239-cr(L)
*United States v. Perez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of June, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                    *Appellee,*

          v.                                              16-1239-cr(L)
                                                          16-1406-cr(CON)

JOSE JUAN RODRIGUEZ,

                    *Defendant,*

JOSE RAMIREZ PEREZ,

                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:    DONALD D. DUBOULAY, Law Office of Donald
                            D. duBoulay, New York, New York.

FOR APPELLEE:               PAUL G. SCOTTI, Assistant United States
                            Attorney (Emily Berger, Assistant United
                            States Attorney, *on the brief*), *for* Bridget M.
                            Rohde, Acting United States Attorney for the
                            Eastern District of New York, Brooklyn, New
                            York.

Consolidated appeals from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendant-appellant Jose Ramirez Perez appeals from judgments entered April 19, 2016 sentencing him principally to (1) 37 months' imprisonment in case number 94-CR-950 for conspiracy to sell counterfeit U.S. currency, and (2) 18 months' imprisonment, concurrently with the first sentence, for violating the terms of his supervised release imposed in an earlier case, case number 90-CR-989. On appeal, he challenges the procedural reasonableness of both sentences. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In August 1994, while on supervised release following a drug conviction in 1991, Perez sold $13,500 in counterfeit currency to a confidential informant and was arrested by federal law enforcement. He admitted in a post-arrest statement that he had

previously purchased $75,000 in counterfeit currency from his co-defendant. His cooperation with the government led to the arrest of his co-defendant for counterfeiting.

Perez was indicted for counterfeiting in September 1994 and charged with violating his supervised release through the same conduct. He pled guilty to the counterfeiting conspiracy, absconded before sentencing, and evaded law enforcement as a fugitive for nearly 20 years. In 2014, he was arrested by state authorities on unrelated felony drug charges. He pled guilty to these charges, was sentenced to one year in prison, and, upon his release, was transferred to federal custody. He then pled guilty, based on his counterfeiting conduct, to violating the terms of supervisory release imposed on him in connection with his drug conviction in 1991.

Probation prepared a presentence report recommending, with respect to the conspiracy conviction, (1) a total offense level of 17, comprising a base offense level of 9, a six-point enhancement for conduct involving over $40,000 (*i.e.*, $75,000) in counterfeit currency, and a two-point enhancement for obstruction of justice as a fugitive; (2) criminal history category IV; and (3) a Guidelines range of 37 to 46 months. Perez did not submit objections to the $75,000 finding or Guidelines calculation.

At sentencing, the court asked Perez if he agreed with the recommended Guidelines range, and he responded that he did. Perez, again, did not raise any objections to the proposed Guidelines calculation or the findings in the presentence report. After hearing argument from both parties, the court concluded:

> I have taken in consideration the allocution of the defendant, the submissions, arguments by the counsel. Also taken in consideration that the defendant has been absent for 20-some years, but I think a sentence that's sufficient but not greater than necessary under the '94 indictment, '94, '95, I'm sentencing the defendant to the custody of the Attorney General for a period of 37 months, 3 years, supervised release, and a $100 special assessment.

App. 35. The court also sentenced Perez to a concurrent term of 18 months for violating his supervised release. Judgments for both sentences were filed shortly thereafter. The court completed a written statement of reasons indicating its adoption of the presentence report and determination of the Guidelines range.

Perez argues on appeal that his sentence for the substantive offense was procedurally unreasonable because the court did not calculate the Guidelines range, consider the 18 U.S.C. § 3553(a) factors, or explain its rationale for his sentence. He also asserts that his sentence for the supervisory violation was procedurally unreasonable because the court did not consider any policy statements, assess the required § 3553(a) factors, or explain the basis for its sentence.

## I.   Sentence for the Substantive Offense

We review the procedural reasonableness of a sentence under a "deferential abuse-of-discretion standard." *United States v. Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We apply a plain error standard, however, if the defendant raises his challenge for the first time on appeal. *United States v. Villafuerte*, 502 F.3d 204, 207-08 (2d Cir. 2007). Plain error is error that (1) is plain, (2) affects substantial rights, and (3) seriously affects the fairness, integrity,

- 4 -

or public reputation of judicial proceedings. *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010). Plain error review applies in this case because Perez did not raise his sentencing objections to the district court below.

### A. Guidelines Range and Factual Finding

"A sentence is procedurally unreasonable if the district court 'fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence.'" *Aldeen*, 792 F.3d at 251 (emphasis omitted) (quoting *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013)). In calculating the Guidelines range, the court must make its own factual findings or expressly adopt the presentence report's findings at sentencing or in a written statement of reasons. *See United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004); *United States v. Maturo*, 982 F.2d 57, 62 (2d Cir. 1992).

Perez asserts plain error because the court did not calculate the Guidelines range and applied the six-point enhancement without first finding that his conduct involved over $40,000 in counterfeit currency. He argues that the court did not expressly adopt the presentence report's finding of $75,000 in counterfeit currency, that his conduct involved only $13,500 in counterfeit currency; and that he had no opportunity to contest the $75,000 finding. While the court surely could have provided a fuller explanation of its reasoning, we conclude there was no plain error here.

As an initial matter, Perez had ample opportunity to contest the $75,000 finding in the presentence report. He did not file objections to the report's $75,000 finding or the recommended enhancement, and neither his sentencing submission nor his oral argument raised these issues. Indeed, the court specifically asked defense counsel at sentencing if he agreed with the proposed Guidelines range, and he stated that he did.

The record reflects that the district court satisfied its obligation to calculate the Guidelines range and adopt factual findings in support. First, the presentence report, which the court expressly adopted in its statement of reasons, included (1) an adequate finding that Perez purchased $75,000 in counterfeit currency and (2) a calculated Guidelines range of 37 to 46 months that was based, in part, on this finding. Second, although the court did not explicitly engage in a Guidelines calculation at sentencing, it did refer to the proposed Guidelines range at the start of sentencing and confirm that Perez agreed with this range. Third, the court's statement of reasons set forth its calculation of the Guidelines range, which matched the calculation in the presentence report. We therefore identify no error in the court's Guidelines calculation or its adoption of the presentence report's findings, and we decline to vacate the sentence on these grounds. *See Aldeen*, 792 F.3d at 251 (requiring calculation of Guidelines range); *Molina*, 356 F.3d at 275 (holding that express adoption of factual findings in presentence report is sufficient).

**B.** **Section §3553(a) Factors and Explanation of Sentence**

"Section 3553(a) of Title 18 requires a district court to consider several factors in determining a sentence." *United States v. Wagner-Dano*, 679 F.3d 83, 88 (2d Cir. 2012). The court need not, however, "utter 'robotic incantations' repeating each factor that motivates a sentence," *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013) (per curiam) (citing *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005), *abrogated on other grounds by United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005)), or precisely identify the § 3553(a) factors or address specific arguments bearing on their application, *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged [his] duty to consider the statutory factors." *Fernandez*, 443 F.3d at 30.

Here, the record reflects that the district court adequately considered the § 3553(a) factors at sentencing. The parties filed sentencing submissions that discussed the statutory factors and described Perez's personal background, his criminal history, the nature of his counterfeiting offense, and the years he spent evading authorities. The presentence report elaborated on Perez's conduct, his criminal convictions, and his personal characteristics in greater detail. At sentencing, Perez, through counsel, orally reviewed the § 3553(a) factors and described Perez's advanced age, physical health, chronological history, and cooperation with the government. The court made a

comment during Perez's argument and allocution and it was clear that the court was listening to the concerns Perez raised. The court then informed the parties, before announcing its sentence, that it taken into consideration the sentencing submissions, oral arguments, Perez's allocution, Perez's nearly 20 years as a fugitive, and the need for "a sentence that's sufficient but not greater than necessary." App. 35. We thus conclude from this record that the district court "faithfully discharged [its] duty to consider the statutory factors," *Fernandez*, 443 F.3d at 30, and we affirm Perez's sentence for the substantive counterfeiting offense.

## II. <u>Sentence for Violation of Supervised Release</u>

We need not address Perez's procedural challenge to his 18-month sentence for the supervisory violation, which runs concurrently with his 37-month sentence for the substantive offense, because any error arising from the imposition of this sentence does not affect Perez's substantial rights. *See Bonilla*, 618 F.3d at 111 (requiring that plain error affect substantial rights); *see also United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) (applying general sentencing standards to sentences for supervisory violations).

We have considered Perez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk