17-471(L)
United States v. Rivera (Villaman)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of December, two thousand eighteen.

PRESENT: DENNIS JACOBS,
RICHARD J. SULLIVAN,
<u>Circuit Judges</u>,
EDWARD R. KORMAN,[*]
<u>District Judge</u>.

- - - - - - - - - - - - - - - - - -Χ
UNITED STATES OF AMERICA,
<u>Appellee</u>,

v.                                          17-471(L), 17-1460, 17-1468, 17-1562

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

JASMIN RIVERA, AKA JASMIN
HERNANDEZ, AKA RUBI RIVERA, AKA
RUBI HERNANDEZ,
         **Defendant**,

JASON VILLAMAN, AKA SANTI,
ANTONIO RIVERA, AKA SANTOS
MORALES, AKA ANTONIO
ALMADAMO, AKA SANTOS GARCIA,
JOHN WHALEY, AKA JOHN HOLLY,
AKA JOHNNY,
         **Defendants-Appellants**.

- - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLEE:** | Susan Corkery, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, <u>on the brief</u>), <u>for</u> Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR APPELLANT JASON VILLAMAN:** | Jonathan I. Edelstein, Edelstein & Grossman, New York, NY. |
| **FOR APPELLANT ANTONIO RIVERA:** | John F. Carman, Garden City, NY (on submission). |
| **FOR APPELLANT JOHN WHALEY:** | James M. Branden, New York, NY; John Whaley, <u>pro se</u>, Otisville, NY. |

Appeal from an order of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendants-Appellants Jason Villaman, Antonio Rivera ("Rivera"), and John Whaley (the "defendants")[1] appeal sentences imposed after a remand by this Court.   We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Rivera owned and operated two bars on Long Island, and recruited undocumented immigrants to work there, ostensibly as waitresses.   Villaman worked as a security guard at one of the bars, and Whaley assisted Rivera in the bars' operation.   Both of them drove waitresses to and from work.

Waitresses at Rivera's bars were forced to engage in sexual acts with customers.   To ensure that they did so, the defendants physically assaulted waitresses, withheld their pay, and threatened them with deportation.   Several were raped or otherwise sexually assaulted by the defendants.

After jury trials, Rivera and Villaman were convicted on substantive counts of sex trafficking, forced labor, harboring illegal aliens, and transporting illegal aliens, as well as conspiracies to commit those offenses.   Whaley was convicted of conspiracies to commit sex trafficking, forced labor, harboring illegal aliens, and transporting illegal aliens, as well as substantive counts of forced labor, harboring illegal aliens, and transporting illegal aliens.

On the previous appeal, we affirmed the convictions, but remanded for resentencing on the ground of procedural unreasonableness, which included instructing the district court to consider whether the record supported the

---

[1]  Rivera's sister Jasmin Rivera, a defendant in the district court, is not an appellant in this case.

imposition of certain enhancements, and to explain the reasoning behind its conclusions.   On remand, Rivera was sentenced principally to 40 years' imprisonment on his substantive and conspiracy sex trafficking counts, and ten-year and 20-year terms of imprisonment on his remaining counts, all to run concurrently.   Villaman was sentenced principally to 30 years' imprisonment on his substantive sex trafficking counts, 20 years' imprisonment on his substantive forced labor counts, and five-year and ten-year terms on his remaining counts, all to run concurrently.   Whaley was sentenced principally to 25 years' imprisonment on his sex trafficking conspiracy count, and two terms of ten years' imprisonment on his remaining counts, all to run concurrently.

On appeal, the defendants argue that their sentences are substantively unreasonable.   Whaley additionally argues that his sentence is procedurally unreasonable, and in a separate brief submitted pro se, raises constitutional and jurisdictional arguments.   Rivera and Villaman adopt Whaley's arguments, to the extent they are applicable to them, pursuant to Federal Rule of Appellate Procedure 28(i).   We now affirm.

"A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."   United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).   Our review for reasonableness is akin to a "deferential abuse-of-discretion standard."   United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (quoting Gall, 552 U.S. at 41).   However, "[a] sentencing court's legal application of the Guidelines is reviewed de novo."   United States v. Desnoyers, 708 F.3d 378, 385 (2d Cir. 2013) (internal quotation marks omitted).

1.      Whaley, joined by the others, argues that the district court committed procedural error at resentencing by failing to calculate the criminal history category, total offense level, and resulting sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").   Because the

4

defendants did not raise this objection at their resentencings, we review for plain error.   United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008).

In calculating the applicable Guidelines range, the district court must make its own factual findings or expressly adopt the presentence report's findings at sentencing or in a written statement of reasons.   See United States v. Molina, 356 F.3d 269, 275 (2d Cir. 2004).   As to each defendant the court filed a statement of reasons for the new sentence that expressly adopted the findings in the defendant's presentence report detailing, inter alia, the defendant's conduct and its impact on the Guidelines calculations.   Each statement of reasons calculates total offense level, criminal history category, and resulting Guidelines range. Each statement of reasons thus demonstrates that the district court satisfied its obligation to calculate the Guidelines range and adopt factual findings in support. See United States v. Rodriguez, 697 F. App'x 734, 737 (2d Cir. 2017) (summary order).

Whaley additionally argues that the district court should have made a mitigating role adjustment under Guidelines § 3B1.2, which provides offense-level reductions to defendants who were minimal or minor participants in the criminal activity of which they were convicted.   Relying on Application Note 3(c) to § 3B1.1, Whaley argues that, as a driver and janitor, he did not organize or fully understand the scope and structure of the conspiracy, lacked decisionmaking authority, and stood to gain nothing from the conspiracy. However, in denying the reduction, the district court considered that Whaley was Rivera's "right-hand man" and "enforcer," and that his involvement in the conspiracy included "picking up the women initially and engaging them to come [to Rivera's bars] knowing what they would be facing, knowing that he was putting them in harm's way."   Whaley App'x at A-176, A-178.   We find no abuse of discretion in the district court's denial of a mitigating role reduction.

**2.**   "Substantive reasonableness is also reviewed for abuse of discretion." Desnoyers, 708 F.3d at 385.   "In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it cannot be located within the range of permissible decisions."   United States v.

Matta, 777 F.3d 116, 124 (2d Cir. 2015) (internal quotation marks omitted).   We will "set aside a district court's substantive determination only in exceptional cases."   Cavera, 550 F.3d at 190.

Rivera, Villaman, and Whaley argue that their sentences are substantively unreasonable.   Rivera principally argues that unlike cases of "literal sexual slavery" punishable under 18 U.S.C. § 1591 (the statutory provision underlying his sex trafficking convictions), the victims in this case were not "truly trapped." But as the court observed at resentencing, the jury found that victims of the conspiracy were beaten to the point of serious injury, raped, and otherwise sexually assaulted by the defendants, who used threats to prevent the victims from reporting their crimes to the authorities.   The district court did not abuse its discretion by sentencing Rivera to 40 years' imprisonment.

Villaman cites numerous additional factors in support of his claim that his sentence was substantively unreasonable, including that: he did not profit from the criminal activity, was involved for a limited time, did not organize or plan the conspiracy, and exercised no decisionmaking authority.   Villaman also cites his personal history and characteristics, including his suffering from developmental delays and emotional problems, his post-sentence rehabilitation, and the letters of support submitted by his family and friends.   In particular, Villaman stresses that his sentence was substantively unreasonable since the district court granted Rivera a 33 percent sentence reduction based in part on post-sentence rehabilitation, but refused to do the same for Villaman.   However, the district court considered this argument, and the fact that Rivera may have received credit for certain behavior does not warrant the conclusion that Villaman was entitled to receive a similar percentage reduction as well, particularly since Villaman's sentence was still well below the revised sentence imposed on Rivera.   The other factors cited by Villaman were considered by the district court at resentencing, as were, for example, his rapes of multiple victims of the conspiracy.   We therefore identify no error with the court's conclusion that 30 years' imprisonment was an appropriate sentence.

Finally, Whaley pleads the extreme difficulty of his childhood, his mental

6

health, the lack of a serious criminal history, and his good behavior while incarcerated.   Again, those considerations were expressly raised at resentencing, as were considerations that Whaley knowingly brought victims into harm's way and personally sexually assaulted victims.   Viewing these factors in totality, the court's decision to sentence Whaley to 25 years' imprisonment was not an abuse of discretion.

Accordingly, the defendants' sentences are not substantively unreasonable.

**3.**      In a separate brief filed pro se, Whaley argues that: (1) the conspiracy and substantive counts relating to the same criminal conduct were multiplicitous in violation of the Fifth Amendment's Double Jeopardy Clause; (2) the charges for forced labor and sex trafficking were multiplicitous in violation of the Double Jeopardy Clause; (3) the conviction violates due process because the government did not prove an "overt act" beyond a reasonable doubt with respect to his sex trafficking conspiracy charges; (4) the government failed to prove the interstate or foreign commerce element of the sex trafficking charges; and (5) the district court failed to follow this Court's mandate instructing it to clearly state its reasons for applying an aggravated sexual abuse Guidelines enhancement.

The mandate rule "forecloses relitigation of issues expressly or *impliedly* decided by the appellate court."   United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (emphasis in original).   Whaley's previous appeal challenged his indictment on the ground of multiplicity, and his conviction on the ground of sufficiency.   This Court rejected those arguments and affirmed the defendants' convictions.   Whaley's present challenges to his indictment and conviction are precluded regardless of whether they are identical to his earlier challenges.   See id. at 96 ("[A] decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision.").[2]

---

[2] To the extent that Rivera and Villaman join this argument pursuant to Federal Rule of Appellate Procedure 28(i), they are likewise precluded from challenging their indictments and convictions for the same reasons.

The argument that the district court failed to comply with this Court's mandate at resentencing fares no better. As to Whaley's resentencing, the district court explicitly found that the aggravated sexual abuse enhancement applied because he sexually assaulted three of the waitresses after they were rendered unconscious by alcohol. As to Rivera's resentencing, the court found that the enhancement applied because of evidence that he raped and sexually assaulted several victims. As to Villaman's resentencing, the court adopted findings in his presentence report that he forcibly sexually assaulted multiple victims, finding that such conduct justified the enhancement. These explanations complied with this Court's instructions on remand to fully state the reasons for applying the enhancement.

We have considered the defendants' remaining arguments and conclude they are without merit. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8